1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Mixon, | No. CV-16-02712-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on October 24, 2012, alleging disability beginning January 1, 2009. (A.R. 22.) Her claim was denied initially on February 1, 2013, and upon reconsideration on July 30, 2013. (*Id.*) Plaintiff then requested a hearing. (*Id.*) On April 24, 2014, Plaintiff and a vocational expert (VE) appeared and testified at a hearing before the Administrative Law Judge (ALJ). (*Id.*) At the hearing, Plaintiff amended her onset date to February 18, 2013. (*Id.*)

On September 26, 2014, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 32.) Thereafter, Plaintiff requested review of the ALJ's decision by the Appeals Council. (*Id.* at 15-16.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (*Id.* at 1.) On August 10, 2016, Plaintiff sought review by this Court. (Doc. 1.)

## LEGAL STANDARD

It is not the district court's role to review the ALJ's decision de novo or otherwise determine whether the claimant is disabled. Rather, the court is limited to reviewing the ALJ's decision to determine whether it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla but less than a preponderance, and "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* The court, however, "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* Nor may the court "affirm the ALJ on a ground upon which he did not rely." *Id.*

## DISCUSSION

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work

experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2014, and that she has not engaged in substantial gainful activity since February 18, 2013. (A.R. 24.) At step two, the ALJ found that Plaintiff has the following severe impairments: bipolar disorder with psychosis, post-traumatic stress disorder, paranoid schizophrenia, substance-induced mood disorder and psychotic disorder, borderline personality disorder, obesity status, and polysubstance abuse. (*Id.*) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 26-27.) At step four, the ALJ found that Plaintiff:

> has the [RFC] to perform light work . . . except [she] can occasionally climb ramps and stairs, can never climb ladders, ropes, or scaffolds; [she] can occasionally balance, stoop, kneel, crouch, [and] can occasionally crawl; [she] must avoid concentrated exposure to extreme temperatures, wet or humid environments, and hazardous environments, [she] is limited to simple, routine, repetitive tasks that are simple unskilled work that requires only occasional changes in the work setting, and [she] is limited to occasional interaction with the public and co-workers with no crowd contact.

(*Id.* at 27-28.) The ALJ also found that Plaintiff is unable to perform any of her past relevant work. (*Id.* at 31.) At step five, however, the ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff could perform, considering her age, education, work experience, and RFC. (*Id.*)

On appeal, Plaintiff argues that the ALJ erred: (1) at step two by not finding Plaintiff's chronic obstructive pulmonary disease (COPD) and kidney stones severe; and (2) at step three by finding that Plaintiff's schizoaffective disorder did not meet or equal the severity of a listed impairment. (Doc. 14.) The Court addresses each in turn.

**I. The ALJ Erred at Step Two**

The step two inquiry is a *de minimis* screening device to dispose of groundless

claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). Agency regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities." §§ 404.1521(a), 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," including: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. §§ 404.1521(b), 416.921(b). "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The Court therefore must determine whether substantial evidence supports the ALJ's finding that the medical evidence clearly established that Plaintiff did not have a medically severe impairment or combination of impairments. *Id.*

**A. COPD**

Plaintiff initially was diagnosed with COPD in October 2012. (A.R. 521-22.) Thereafter, Plaintiff restarted the medication Albuterol. (*Id.*) In December 2012, Plaintiff still was taking Albuterol breathing treatments. (*Id.* at 319.) In January 2013, an x-ray of Plaintiff's chest showed no evidence of acute cardiopulmonary process. (*Id.* at 464.) Then, in May 2013, Plaintiff again was prescribed Albuterol to treat her COPD. (*Id.* at 669-78.) As of the date of Plaintiff's hearing, she still was taking breathing treatments, three times a day for thirty minutes, for the condition. (*Id.* at 97-98.)

Given this evidence, the ALJ's finding that Plaintiff's COPD was not a medically severe impairment is not supportable. The only medical evidence supporting the non-severe finding is the clear x-ray in 2011, which is not, alone, substantial evidence outweighing the overwhelming evidence of the duration and severity of Plaintiff's condition. *See Webb*, 433 F.3d at 687 ("Although the medical record paints an incomplete picture of Webb's overall health during the relevant period, it includes

evidence of problems sufficient to pass the de minimis threshold of step two."). The ALJ's error is harmless, however, because at step four the ALJ concluded that Plaintiff should be limited to light work and, in so doing, considered the limitations caused by Plaintiff's COPD and breathing treatments. (*Id.* at 27-31); *see Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that when an ALJ accounts for limitations later in the sequential evaluation process, any error in finding the impairment non-severe at step two is harmless).

### B. Kidney Stones

Plaintiff has a lengthy history of being treated for kidney stones. Although most of the relevant records predate the onset of disability, Plaintiff's problem persisted throughout 2013 and 2014. (*Id.* at 461, 676, 681, 693.) Given the frequency of the issue and its reported severity (*See, e.g.*, *id.* at 672-73 (describing pain as "severe" and at a level nine out of ten when Plaintiff goes without medication)), the ALJ erred in not finding kidney stones a severe condition. *See Ortiz v. Comm'r of Soc. Sec.*, 425 Fed. App'x 653, 655 (9th Cir. 2011) ("This is not the total absence of objective evidence of severe medical impairment that would permit us to affirm a finding of no disability at step two.").

Unlike the prior error, the ALJ's non-severity finding is not harmless because the ALJ failed to consider the kidney stones later in the sequential evaluation process. (A.R. 28-30.) Because the ALJ failed to consider the effect of Plaintiff's kidney stones on her RFC, this case must be remanded for further proceedings. *See Meinecke v. Colvin*, No. 2:14-cv-2210, 2016 WL 995515, at * 4 (E.D. Cal. Mar. 14, 2016) (finding that in failing to reference plaintiff's impairment at step four or five of the sequential evaluation, the ALJ committed harmful error).

### II. The ALJ Erred at Step Three

At step three, the ALJ considers whether claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If a claimant's impairments rise to the level of a listed impairment, the claimant is disabled.

Here, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of listings 12.03, 12.04, 12.06, 12.08, and 12.09. (A.R. 26.) Plaintiff takes issue with the ALJ's 12.03 finding. This listing provides three paragraphs of symptoms—paragraphs A, B, and C (discussed further below)—that guide the ALJ's analysis. A claimant can establish that her impairments meet the listing by showing either that the requirements in paragraphs A and B are satisfied, or the requirements of paragraph C are satisfied. 20 C.F.R. Part 404 Subpart P App'x 1 (Listings) 12.03. The ALJ found that Plaintiff did not meet the requirements of paragraph B and, therefore did not discuss the requirements of paragraph A. He also found that Plaintiff did not meet the requirements of paragraph C. Plaintiff challenges both findings.

**A. Evaluation under Paragraphs A and B**

To satisfy paragraph B, a claimant's "mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each for extended duration." (A.R. 27.) "A marked limitation means more than moderate but less than extreme." Part 404 Subpart P Appx 1 (Listings) 12.00. In order to find "repeated episodes of decompensation" the record must show "three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks." *Id.*

The ALJ found that Plaintiff neither met the marked limitation criteria nor experienced the requisite number of episodes of decompensation. (A.R. 27.) Instead, the ALJ found Plaintiff's limitations in concentration, persistence, or pace and social functioning to be moderate. (*Id.*) Plaintiff argues that the ALJ's evaluation is not sufficiently detailed, and the Court agrees.

To support his concentration finding, the ALJ noted only that "[i]n testing, among other problems, the claimant could only recollect two of three unrelated words after a five-minute delay." (*Id.*) As for Plaintiff's social function, the ALJ noted only that "[Plaintiff] stated that she experienced anxiety around people and especially around men.

She testified that she was a loner." (*Id.*) Although ALJs are not required "to state why a claimant failed to satisfy every different section of the listing of impairments," *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990), the ALJ must "discuss and evaluate the evidence that supports . . . [his] conclusion," *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001). Here, the ALJ explanation is inadequate. *See Laborin v. Berryhill*, -- Fed. App'x --, No. 15-15776, 2017 WL 3508828, at *2 (9th Cir. Aug. 16, 2017) ("A bare statement that [the claimant] does not meet a listing, without appropriate evaluation or discussion of the medical evidence, is insufficient to conclude that [the claimant's] impairment does not meet or medically equal a listed condition.").[1]

## B. Evaluation under Paragraph C

Under paragraph C, a claimant must show a "[m]edically documented history of a chronic schizophrenic . . . disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support." Part 404 Subpart P App'x 1 (Listings) 12.03(C). In addition, a claimant must also show:

> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

---

[1] Plaintiff raises two additional arguments that warrant little discussion. First, the ALJ did not err in using the word "moderate" to describe Plaintiff's limitations. In rating a claimant's degree of limitation, ALJs are to "use the following five point scale: None, mild, moderate, marked, and extreme." § 404.1520a(c)(4). The ALJ used moderate, as required and defined by the regulations. *See* § 404.1520a; Part 404 Subpart P App'x 1 (Listings) 12.00. Plaintiff also asserts that the ALJ erred by not discussing paragraph A, ostensibly because he found that she failed to satisfy paragraph B. Because the Court remands for further proceedings, the ALJ will have the opportunity to discuss paragraph A in the first instance.

- 7 -

*Id.* at 12.03(C)(1)-(3).

Plaintiff does not identify any specific error by the ALJ. Instead, she makes the general assertion that she meets both the "repeated episodes" and "even a minimal increase in mental demands" requirements. (Doc. 14 at 13-14.) In support of her claim, Plaintiff cites to two episodes of alleged decompensation: (1) January 2012 hospitalization; and (2) a change in her medication dosage from her treating provider in response to increased symptoms in June and July of 2013. (*Id.* at 13.) Plaintiff also offers isolated statements from her medical records: "suffers from severe psychosis," "she has a friend no one else can see," and "she hallucinates and self-harms." (*Id.*)

Plaintiff essentially asks the Court to reweigh the evidence more favorably to her. "While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the [ALJ]." *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). "When the evidence is susceptible to more than one rational interpretation, and the [ALJ's] conclusion is one such rational interpretation, that interpretation must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Here, substantial evidence supports the ALJ's finding. For example, in order to find "repeated episodes of decompensation" the record must show "three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks." Part 404 Subpart P App'x 1 (Listings) 12.00(C)(4). The January hospitalization fails to meet the two week durational requirement as it only lasted three days. (A.R. 388-411.) The medical records from the summer of 2013 offer no indication of the length of the period of decompensation, but, assuming that it lasted longer than two weeks, this single decompensation fails to satisfy the requirement that Plaintiff experience three episodes within one year. (*Id.* at 632, 634). Additionally, Plaintiff's selective reading of the medical record ignores the fact that the records contain substantial evidence that she overstated her symptoms. (*See, e.g.*, *id.* at 529-535 (Plaintiff offering inconsistent information in regards to her drug and alcohol use; Plaintiff showing poor effort

throughout her examination, particularly on her mental status exam; Plaintiff's descriptions of her symptoms are vague, and she admits that she is not currently having auditory hallucinations); 682-690 (concerns that malingering is likely; concern over Plaintiff's "unreliability" and continued "inconsistencies").) The ALJ's determination that Plaintiff's schizoaffective condition did not meet paragraph C is supported by substantial evidence in the record as whole. The Court finds no error.

## **CONCLUSION**

For the foregoing reasons, the ALJ erred at steps two and three, and those errors are not harmless. Because further proceedings would serve a useful purpose and might remedy the defects, this matter is remanded for proper consideration of steps two and three. *See Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **REVERSED,** and the case **REMANDED** for further proceedings. The Clerk shall enter judgment accordingly and terminate the case.

Dated this 27th day of September, 2017.

Douglas L. Rayes
United States District Judge